**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**The American Association for Disability Justice ("AADJ"), on behalf of its members and all others similarly situated; Larry Miller on behalf of the Estate of John Miller; and John Hodges; individually and on behalf of all others similarly situated.**

**Plaintiff,**

**vs.**

**Epic Systems Corporation, and their affiliates, subsidiaries, and parent companies.**

**Defendant.**

**Case No.:1:26-cv-00564**

**Plaintiff's Motion for Class Certification**

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, by and through undersigned counsel, respectfully move for certification of the proposed class pursuant to Federal Rule of Civil Procedure 23. In support of this Motion, Plaintiffs state as follows.

## I. INTRODUCTION

This case concerns systemic barriers to accessing electronic health information caused by Epic Systems Corporation's technological architecture and interoperability policies.

Epic operates the largest electronic health record ("EHR") platform in the United States. Epic systems store and manage medical records for hundreds of hospitals and health systems nationwide and contain electronic health information for hundreds of millions of patients.

Although federal law, including the 21st Century Cures Act and the Trusted Exchange Framework and Common Agreement ("TEFCA"), requires interoperable access to electronic health information, Epic's system architecture fragments patient records across portal-based systems and restricts the ability of authorized third parties to assemble records electronically. These restrictions disproportionately harm disabled individuals seeking Social Security disability benefits and disability-related services. Disability determinations require claimants to assemble longitudinal medical evidence from multiple providers. When electronic records cannot be exchanged interoperably, claimants must manually request records from individual providers, causing delays in assembling the evidence necessary to support disability claims.

Plaintiffs seek to certify a nationwide class of disabled individuals whose ability to access electronic health information has been delayed or obstructed by Epic's interoperability restrictions.

## II. BRIEF STATEMENT OF THE CASE

Epic Systems Corporation develops and operates electronic health record systems used by hundreds of hospitals and health systems throughout the United States.

Epic also operates the MyChart patient portal and participates as a Qualified Health Information Network ("QHIN") under TEFCA, a federal framework designed to facilitate nationwide electronic exchange of health information.

Despite this federal framework, Epic maintains technological and contractual restrictions that prevent the aggregation medical records electronically across Epic-connected healthcare systems. Instead of interoperable exchange, Epic requires patients and authorized users to access records through fragmented portal accounts or manual record requests.

These barriers delay the collection of medical evidence necessary for disability determinations and other disability-related services.

Plaintiffs challenge these practices on behalf of disabled individuals nationwide.

## III. CLASS DEFINITION

Plaintiffs seek certification of the following class:

All disabled individuals in the United States, and their parents, guardians, caregivers, or estates, who from October 6, 2022 (mandated full compliance with 21st Century Cures Act), to the present, who had electronic health information stored by, maintained by or connected to Epic, and who experienced delay, denial, incomplete production, excessive barriers, or other interference with access to such records.

Excluded from the Class are Defendant Epic Systems Corporation, its affiliates, officers, directors, employees, and agents, as well as the Court and its staff.

Geographic Scope: The United State of America (Nationwide).

Temporal Scope: October 6, 2022 to the present.

## IV. PLAINTIFFS' PARTICULAR GRIEVANCE

Plaintiffs are disabled individuals or representatives of disabled individuals who experienced delays and barriers when attempting to obtain medical records stored within Epic-connected healthcare systems.

For example, Plaintiff John Miller required medical records from multiple providers to support his disability claim. His providers stored records within Epic systems accessible only through fragmented patient portals and manual record requests.

Because Epic's architecture prevented interoperable aggregation of records, Plaintiff experienced delays in assembling the medical evidence necessary to support his disability claim.

These injuries are typical of those experienced by class members.

## V. RULE 23(a) REQUIREMENTS

### A. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable.

The proposed class likely includes millions of individuals nationwide.

According to data published by the Social Security Administration:

- 1,789,600 disability applications were filed in 2022
- 1,904,600 disability applications were filed in 2023
- 1,937,000 disability applications were filed in 2024

*See SSA*, *Annual Statistical Report on the Social Security Disability Insurance Program*, Table 6.C7.

Epic's electronic health record system is the largest EHR platform in the United States and contains records for over 250 million patients.

Public reporting indicates Epic systems account for approximately 75–78% of hospital patient records in the United States.

Applying a conservative estimate that 50% of disability applicants receive care from Epic-connected providers, the number of affected individuals exceeds 2.8 million since 2022 alone.

Joinder of such a large group is plainly impracticable.

### B. Commonality

Rule 23(a)(2) requires that there be questions of law or fact common to the class.

Common questions include:

- whether Epic's system architecture restricts interoperability
- whether Epic requires portal-based access rather than interoperable exchange
- whether Epic's practices violate federal interoperability requirements
- whether Epic's conduct constitutes unlawful information blocking
- whether Epic's conduct constitutes monopolization or anti-competitive behavior.

These questions can be resolved through common evidence applicable to all class members.

**C. Typicality**

Rule 23(a)(3) requires that the claims of the representative parties be typical of those of the class.

Plaintiffs' claims arise from the same conduct, Epic's technological and policy restrictions on interoperability, that affects all class members.

Each class member experienced delays or barriers when attempting to obtain electronic health information stored within Epic-connected systems.

Accordingly, Plaintiffs' claims are typical of the claims of the class.

**D. Adequacy of Representation**

Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interests of the class.

The named Plaintiffs seek the same relief as all class members and have no conflicts with the class.

Plaintiffs' counsel acknowledges limited experience litigating class actions but possesses unique expertise directly relevant to the claims in this case.

Counsel:

- regularly represents disabled individuals in federal Social Security appeals

- serves as General Counsel for the American Association of Disability Justice (AADJ)
- serves as General Counsel for Advocates, Counselors, and Representatives for the Disabled (ACRD)
- participated in the development of IAS interoperability pathways for AADJ
- has unique, niche knowledge about the technological function of IAS pathways as well as the Social Security Disability adjudication process.

ACRD includes approximately 2,000 professionals who represent disabled individuals nationwide, providing a network capable of identifying affected class members.

Should the Court determine additional class action experience would benefit the Class, Plaintiffs respectfully request leave to designate experienced class action co-counsel.

**VI. RULE 23(b)(3) PREDOMINANCE**

Rule 23(b)(3) requires that common questions predominate over individual ones.

Epic's liability arises from centralized technological practices and policies, including:

- system architecture governing interoperability
- portal-based access requirements
- API functionality
- provider agreements governing data exchange.

These practices apply uniformly across Epic-connected systems.

Liability will be established through common evidence including system architecture documents, provider agreements, and expert analysis of Epic's design.

Individualized issues relating to damages do not defeat predominance. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620 (5th Cir. 1999).

## VII. SUPERIORITY

Rule 23(b)(3) also requires that a class action be superior to other methods of adjudicating the controversy.

A class action is superior here because:

- the class includes millions of individuals
- most class members lack resources to pursue individual litigation
- liability will be established through common technical evidence.

Class treatment will promote judicial efficiency and avoid inconsistent rulings.

## VIII. COMMON MECHANISM OF HARM

Epic's interoperability restrictions create a common mechanism of harm.

Disabled individuals frequently receive care from multiple providers and must assemble longitudinal medical records to support disability claims.

Epic's system architecture fragments records across multiple portals and requires manual record requests rather than interoperable exchange.

As a result, class members experience:

- delays in disability determinations
- delays in access to disability services
- increased administrative costs
- prolonged periods without financial support.

## IX. DAMAGES MODEL

Damages may be calculated through common methodologies including:

1. economic analysis of delayed disability benefit determinations
2. analysis of administrative costs associated with manual record retrieval

3. economic modeling of lost or delayed disability benefits.

These methodologies rely on common data sources including SSA disability timelines and healthcare record retrieval costs.

## X. OTHER PENDING ACTIONS

Plaintiffs are aware of litigation involving Epic Systems Corporation concerning interoperability practices but are not aware of any nationwide class action addressing the specific harms to disabled individuals alleged here.

## XI. NOTICE TO CLASS MEMBERS

If the class is certified, Plaintiffs propose providing notice through:

- electronic notice where available
- publication notice
- targeted outreach through disability advocacy organizations.

Plaintiffs are prepared to deposit appropriate security for the cost of notice as ordered by the Court.

## XII. SETTLEMENT NEGOTIATIONS

No settlement negotiations have taken place.

If individual settlement were proposed, Plaintiffs would seek Court guidance to ensure protection of the class.

## XIV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Certify the proposed Class pursuant to Federal Rule of Civil Procedure 23
2. Appoint Plaintiffs as Class Representatives
3. Appoint Plaintiffs' Counsel as Class Counsel

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted:

s/ Maren Miller Bam
Maren Miller Bam
WSB: 42264
Salus Law, PLLC
723 The Parkway
Richland, WA 99352
Email:
maren@salusdisability.com
Telephone: (206) 485-4066
Facsimile: 206-260-9136

Counsel for Plaintiffs