**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **THE AMERICAN ASSOCIATION FOR DISABILITY JUSTICE ("AADJ"), ON BEHALF OF ITS MEMBERS AND ALL OTHER SIMILARLY SITUATED; LARRY MILLER ON BEHALF OF THE ESTATE OF JOHN MILLER; AND JOHN HODGES; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | § § § § § § § § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:26-cv-00564-PR** |
| **EPIC SYSTEMS CORPORATION, AND THEIR AFFILIATES, SUBSIDIARIES, AND PARENT COMPANIES,** | § § § § § | |
| **Defendant.** | § § | |

---

**AGREED MOTION FOR LEAVE TO EXCEED PAGE LIMITS**

---

Defendant Epic Systems Corporation ("Epic") respectfully moves this Court for leave to exceed the page limitations set forth in the Local Rules of the Western District of Texas for its forthcoming Motion to Dismiss. Plaintiffs, through their counsel, have authorized Epic to represent that they do not oppose this Motion and join in the relief requested herein. In support of this Agreed Motion, Epic respectfully states as follows:

1.    On March 9, 2026, Plaintiffs the American Association for Disability Justice ("AADJ"), Larry Miller on behalf of the Estate of John Miller, and John Hodges filed a Class Action Complaint against Epic, asserting nine causes of action, including six antitrust claims under

**PAGE 1 OF 4**

the Sherman Act and the Texas Free Enterprise and Antitrust Act, as well as claims under the Americans with Disabilities Act, the Rehabilitation Act, and the 21st Century Cures Act.

2.      Epic intends to file a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of all nine counts of the Complaint. Local Rule CV-7(d) of the Western District of Texas limits briefs in support of motions to twenty (20) pages, absent leave of Court.

3.      Due to the number and complexity of the claims at issue, Epic's Motion to Dismiss exceeds the twenty-page limit prescribed by Local Rule CV-7(d). The Complaint asserts nine distinct causes of action spanning multiple bodies of federal and state law, including antitrust, disability rights, and health information technology statutes. Epic's Motion to Dismiss addresses each of these claims and raises multiple independent grounds for dismissal, including failure to allege anticompetitive conduct, failure to define a relevant product market, failure to allege monopoly power, failure to allege antitrust injury, failure to state a claim under the essential facilities doctrine, inapplicability of the ADA, inapplicability of the Rehabilitation Act, and the absence of a private right of action under the Cures Act. Adequate briefing of these issues requires additional pages beyond the limit imposed by the Local Rules.

4.      The parties, through their respective counsel, met and conferred regarding the need for extended page limits. The parties have reached the following agreement: (a) Epic shall be permitted to file its Motion to Dismiss in a brief not to exceed twenty-five (25) pages; and (b) Plaintiffs shall be permitted to file their Response to Epic's Motion to Dismiss in a brief not to exceed twenty-five (25) pages.

5.      The parties respectfully submit that these agreed page limits are reasonable and proportionate given the number and complexity of the claims at issue, and that it will promote the efficient and orderly resolution of the pending Motion to Dismiss without prejudice to either side.

WHEREFORE, Defendant Epic Systems Corporation, with the agreement of Plaintiffs, respectfully requests that this Court enter an order granting the parties leave to exceed the page limitations of Local Rule CV-7(d) as follows:

1. Permitting Epic to file its Motion to Dismiss in a brief not to exceed twenty-five (25) pages; and

2. Permitting Plaintiffs to file their Response to Epic's Motion to Dismiss in a brief not to exceed twenty-five (25) pages.

Dated:  May 13, 2026

Respectfully Submitted,

*/s/ Lauren A. Moskowitz*
Lauren A. Moskowitz (*Pro Hac Vice* pending)
lmoskowitz@cravath.com
Yonatan Even (*Pro Hac Vice* pending)
yeven@cravath.com
Noah Joshua Phillips (*Pro Hac Vice* pending)
nphillips@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:  (214) 981-3800
Facsimile:  (214) 981-3839

**ATTORNEYS FOR DEFENDANT
EPIC SYSTEMS CORPORATION**

**CERTIFICATE OF CONFERENCE**

Undersigned counsel for Defendant Epic Systems Corporation certifies that, prior to filing this Motion, counsel for Defendant conferred with counsel for Plaintiffs regarding the relief requested herein. Plaintiffs' counsel has authorized the undersigned to represent that Plaintiffs do not oppose this Motion and agree to the page limit extensions described above.

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this filing via the Court's CM/ECF system per Local Rules CV-5 and CR-49 on this 13th day of May, 2026.

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann