**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **AMERICAN ASSOCIATION FOR DISABILITY JUSTICE, on behalf of its members and all others similarly situated; LARRY MILLER, on behalf of the Estate of John Miller; and JOHN HODGES, individually and on behalf of all others similarly situated,** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 1:26-cv-00564-RP** |
| ***Plaintiffs,*** | §<br>§ | **CLASS ACTION** |
| **v.** | §<br>§ | **JURY TRIAL DEMAND** |
| **EPIC SYSTEMS CORPORATION,** | §<br>§<br>§ | |
| ***Defendant*.** | | |

---

**JOINT AGREED MOTION TO STAY DISCOVERY AND ENTRY OF A SCHEDULING ORDER PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS**

---

Plaintiffs—the American Association for Disability Justice, Larry Miller on behalf of the Estate of John Miller, and John Hodges—and Defendant Epic Systems Corporation ("Epic"), jointly and by agreement, ask the Court to stay discovery and the entry of a scheduling order until it rules on Epic's pending motion to dismiss (Dkt. 16), and to allow the parties to submit a joint proposed scheduling order (if necessary) within fourteen days after that ruling. Counsel have conferred, and both sides agree that this sequence will conserve the resources of the parties, of third parties, and of the Court.

## I. BACKGROUND

Plaintiffs filed their Complaint on March 9, 2026. (Dkt. 1.) The Complaint pleads nine claims on behalf of a putative nationwide class: six antitrust claims under Section 2 of the Sherman Act and the Texas Free Enterprise and Antitrust Act, and one claim under each of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the 21st Century Cures Act.

Epic moved to dismiss each of the nine claims on May 15, 2026 (Dkt. 16), Plaintiffs responded on June 12, 2026 (Dkt. 18), and Epic replied on June 26, 2026 (Dkt. 20). The motion has thus been fully briefed and is pending before this Court. The parties have not conferred under Rule 26(f), and no party has served any discovery requests.

On August 14, 2026, the Court ordered the parties to submit a joint proposed scheduling order on Judge Pitman's form on or before August 28, 2026. (Dkt. 21); *see* W.D. Tex. Loc. R. CV-16(c).

Counsel for the parties have conferred. Both sides agree that discovery should not commence until this Court resolves the pending motion to dismiss, and that a scheduling order governing any further proceedings should likewise be entered only after the motion to dismiss has been decided. Both sides join in this motion.

## II. GOOD CAUSE SUPPORTS THE AGREED STAY

### A. The Court Has Broad Discretion To Stay Discovery and To Defer Scheduling.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833

F.2d 581, 583 (5th Cir. 1987). Rule 26(c) permits a stay on a showing of good cause; in determining whether good cause exists, the Court "balance[s] the harm produced by the delay in discovery against the possibility the motion will be granted and eliminate the need for such discovery entirely". *Pease v. Sec. and Exch. Comm'n*, 350 F.R.D. 275, 277 (W.D. Tex. 2025); *accord Conquest v. Camber Corp.*, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014). Courts weigh "the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay". *Endure Indus., Inc. v. Vizient, Inc.*, 2021 WL 3771770, at *1 (N.D. Tex. Apr. 9, 2021).

The same discretion governs the timing of a scheduling order. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Topia Tech., Inc. v. Dropbox, Inc.*, 2022 WL 18109619, at *2 (W.D. Tex. Dec. 29, 2022) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

B. Stays are Often Appropriate in Antitrust Cases.

District courts in Texas have repeatedly held that "staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive". *Endure Indus.*, 2021 WL 3771770, at *1 (quoting *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008)); *accord X Corp. v. Nat'l Music Publishers Ass'n*, 2026 WL 1098984, at *2 (N.D. Tex. Apr. 23, 2026); *Prevent U.S.A. Corp. v. Volkswagen AG*, 2024 WL 2988238, at *1 (E.D. Tex. June 3, 2024) ("[T]he Court agrees that the burden of discovery is particularly high here, in an anti-trust lawsuit.").

That practice traces to *Twombly*, which recognized that "proceeding to antitrust discovery can be expensive" and that testing a complaint's legal sufficiency at the threshold is the practical check on that expense. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–60 & n.6 (2007); *see X Corp.*, 2026 WL 1098984, at *2. Applying that reasoning in an antitrust case presenting eight federal and state claims, the court in *X Corp.* stayed discovery pending decision on a Rule 12(b)(6) motion, concluding that "the most efficient and inexpensive way to proceed is as *Bell Atlantic* counsels: first to test the legal adequacy of the complaint and then, as necessary, to proceed with open discovery." *X Corp.*, 2026 WL 1098984, at *3.

### C. Discovery Here Would Be Broad, and the Court's Ruling may Substantially Narrow it.

The claims as pleaded would open wide-ranging discovery. The Complaint alleges harm in two product markets: "enterprise EHR systems used by hospitals and large health systems" and "interoperable medical record access and aggregation". Each of these markets is alleged to be nationwide in scope. And Plaintiffs seek to bring their claims on behalf of a broad class consisting of "[a]ll disabled individuals in the United States, and their parents, guardians, caregivers, or estates . . . who had electronic health information stored by, maintained by or connected to Epic" and who experienced delays accessing their medical records since October 6, 2022. (Dkt. 1 ¶¶ 251, 263, 272, 357.) Litigating those allegations would likely require discovery into Epic's electronic health record software design, how medical records associated with Epic's software are accessed and shared, and the respective rights and obligations of Epic versus its hospital

customers. It would also likely reach multiple third-parties, including hospitals, health systems, and competing EHR vendors. The three statutory claims carry their own discovery, including concerning accessibility issues, federal funding, and compliance with the Cures Act's requirements for the exchange of patient medical information. Expert discovery on market definition, competitive effects, and class-wide impact would follow.

A ruling on the motion to dismiss may make much or all of that unnecessary. Epic's motion challenges each of the nine claims. Depending on the Court's ruling, entire claims, an entire alleged market, or an entire category of alleged conduct may be eliminated from the case, and the discovery attached to these claims would be eliminated with them. The Parties do not ask the Court to prejudge the motion; the question at this stage is only whether the motion is "not frivolous and merit[s] serious consideration" and whether granting it would resolve the case. *X Corp.*, 2026 WL 1098984, at *2. The Parties agree that the Court's ruling will materially inform the scope of whatever discovery follows, if any.

Deferring the schedule follows from the same point. The Parties cannot propose realistic deadlines for fact discovery, class certification, expert reports, or dispositive motions without knowing which of the nine claims remain, whether one alleged market or two are at issue, and how many experts the case will require. A schedule the Parties would propose and the Court would enter now would either become redundant or would have to be rebuilt and re-entered. The Parties would rather give the Court one workable schedule than two. *Cf. Alkane Midstream, LLC v. Mesa Nat. Gas Sols., LLC*, No.

MO:25-CV-00214-DC-RCG, 2026 WL 562719, at *1 (W.D. Tex. Feb. 19, 2026) (a stay is warranted where resolution of the dispositive motion would "clarify the scope of the remaining claims and thereby inform the appropriate breadth and proportionality of discovery").

**D. A Short Stay Works no Prejudice to Either Side.**

The motion to dismiss is fully briefed, and neither party needs discovery to litigate it. *See Rio Grande Royalty*, 2008 WL 8465061, at *1; *Petrus*, 833 F.2d at 583 ("Nothing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion.").

The stay the Parties propose is short and self-limiting: it ends when the Court rules. *Cf. Conquest*, 2014 WL 172500, at *2 (stay "automatically lifted once the Court rules on Defendant's Motion to Dismiss"). Weighed against "the meager harm produced by such a temporary stay at the outset of th[e] case," the savings to the Parties, to third parties, and to the Court are substantial. *Id.* at *1.

## III. RELIEF REQUESTED

The Parties jointly and by agreement request that the Court:

a. Stay all discovery in this Action, including initial disclosures and the Rule 26(f) conference, pending the Court's ruling on Epic's motion to dismiss (Dkt. 16);

b. Relieve the Parties of the August 28, 2026 deadline set in the Court's August 14, 2026 Order (Dkt. 21); and

c. Order the Parties to submit a joint proposed scheduling order on Judge Pitman's form within fourteen days after the Court rules on the motion to dismiss, unless that ruling disposes of the action in its entirety.

This motion is made by agreement and not for delay, and no Party will be prejudiced by the relief requested. A proposed order is submitted with this motion.

Respectfully submitted,

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
LYNN PINKER HURST &
SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3835
Facsimile: (214) 981-3839

Lauren A. Moskowitz (*Pro Hac Vice*)
Yonatan Even (*Pro Hac Vice*)
Noah Joshua Phillips (*Pro Hac Vice*)
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
lmoskowitz@cravath.com
yeven@cravath.com
nphillips@cravath.com

ATTORNEYS FOR DEFENDANT
EPIC SYSTEMS CORPORATION

*/s/ Maren Miller Bam*
Maren Miller Bam
(signed by permission)
WSB No. 42264
maren@salusdisability.com
SALUS LAW, PLLC
723 The Parkway
Richland, Washington 99352
Telephone: (206) 485-4066
Facsimile: (206) 260-9136

ATTORNEYS FOR PLAINTIFFS AND
THE PROPOSED CLASS

**CERTIFICATE OF CONFERENCE**

I certify that on August 20, 2026, counsel for Epic conferred with Maren Miller Bam, counsel for Plaintiffs, regarding the relief requested in this motion. Plaintiffs agree to the relief requested and join in this motion.

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2026I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann